UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Aaron Lee Cousin,  No. 5:06-cv-219

    Petitioner,

v.  **MEMORANDUM AND ORDER**

Secretary, Department of Corrections,
Florida Attorney General,

    Respondents.

---

The matter before the Court is Petitioner Aaron Lee Cousin's § 2254 Petition for Writ of Habeas Corpus. Cousin petitioned the Court for relief from a state court conviction for armed carjacking, aggravated assault, attempted felony murder, and burglary of a dwelling with an assault or battery. Cousin raises four grounds which he believes entitle him to habeas relief: (1) attempted felony murder is not a crime under Florida state law; (2) using the element of physical force to enhance both the carjacking crime and the assault crime violated the double jeopardy clause; (3) trial counsel did not adequately prepare for witnesses and waived a speedy trial without Cousin's permission; and (4) trial counsel was ineffective in preparing for the State's presentation of DNA evidence. The Court cannot reach the merits of the case, however, because Cousin's Petition was not timely filed.

**BACKGROUND**

Following a jury trial, Petitioner Aaron Lee Cousin was convicted of armed carjacking,

aggravated assault, attempted felony murder, and burglary of a dwelling with assault or battery. On July 19, 2002, the trial sentenced Cousin to a life sentence for armed carjacking, a life sentence for burglary of a dwelling with assault or battery, thirty years imprisonment for attempted felony murder, and five years imprisonment for aggravated assault.

On January 13, 2003, Cousin filed a direct appeal. The Fifth District Court of Appeal affirmed the trial court in an opinion issued on November 21, 2003. On April 20, 2004, Cousin filed a Motion for Postconviction Relief. The trial court conducted an evidentiary hearing and then denied Cousin's motion. The Fifth District Court of Appeal affirmed the trial court's denial of post-conviction relief on July 19, 2005 and mandate issued on August 8, 2005. Cousin filed his § 2254 Petition for Writ of Habeas Corpus on June 25, 2006.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state court prisoner's petition for federal habeas relief is governed by a one-year statute-of-limitations period. 28 U.S.C. § 2244(d). As pertains to Cousin's Petition, the one-year period is counted beginning with "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). Under Eleventh Circuit precedent, the judgment is final either on the day the United States Supreme Court issues a decision on the merits or denies certiorari, or after the expiration of the 90-day period during which a petitioner could have filed a petition for writ of certiorari. Chavers v. Secretary, Dept. Of Corrections, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (analyzing the application of Supreme Court Rule 13). If a prisoner files for post-conviction or other

collateral relief, the time during which such a motion is pending is not counted towards the one-year period. 28 U.S.C. § 2244(d)(2).

The Fifth District Court of Appeal published its opinion denying Cousin's direct appeal on November 21, 2004. Counting 90 days from the date the opinion was issued, Cousin's one-year period began to run on February 20, 2004. Thus, when Cousin filed his state court motion for post-conviction relief on April 20, 2004, 60 days of his one-year period had passed. Time did not begin to accrue again until August 8, 2005, the date on which the mandate issued. Between August 8, 2005, and June 25, 2006, when Cousin filed his Petition for Writ of Habeas Corpus, 321 days passed. Adding 321 days to the 60 days previously accrued results in a total of 381 days. Because 381 days exceeds the one-year statute of limitations provided for by statute, 28 U.S.C. § 2244(d), Cousin's Petition must be dismissed as untimely.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and
2. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated: <u>Wednesday, September 23, 2009</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge